# MAHER & PITTELL, LLP
ATTORNEYS AT LAW

| | |
|---|---|
| *Reply To:* | *Long Island Office* |
| **42-40 Bell Blvd, Suite 302** | **10 Bond St, Suite 389** |
| **Bayside, New York  11361** | **Great Neck, New York  11021** |
| **Tel  (516) 829-2299** | **Tel  (516) 829-2299** |
| *jp@jpittell.com* | *jp@jpittell.com* |

January 31, 2025

Hon. Sarah Netburn
Chief U.S. Magistrate Judge
U.S. District Court
40 Foley Square
New York, NY 10007

Re:   *Shelby v. Petrucci,* 19 Cv 2020 (VSB)(SN) {Habeas Petition}

Dear Chief Magistrate Judge Netburn:

      We are counsel for July Justine Shelby, the Petitioner in the above referenced matter.

      For purposes of this letter, we provide a brief summary of the procedural history of this case.

      The above referenced matter seeks issuance of a writ of habeas corpus, pursuant to 28 U.S.C. §2241, based upon two Claims.  The first Claim is premised upon the refusal of the BOP to provide Ms. Shelby with gender affirming surgery (the "GAS Claim").  The second Claim was premised upon the refusal of the BOP to transfer Ms. Shelby to a female prison (the "Transfer Claim").

      The Transfer Claim was addressed in the Report and Recommendation (the "R&R") issued by Your Honor.  (ECF Doc. 74).  The R&R recommended this Court grant habeas relief on the Transfer Claim and that Ms. Shelby be transferred to a female prison.  Pursuant to an Order, dated November 1, 2022, Judge Broderick Court adopted the R&R (the "Habeas Order").  (ECF Doc. 86).  Following the issuance of the Habeas Order, the BOP transferred Ms. Shelby to a female prison. She has been housed in a female prison for more than two years.

      The R&R and the Habeas Order did not address the GAS Claim.  As such, it remained open. Following the transfer of Ms. Shelby to a female prison, we requested Judge Broderick stay litigation of the GAS Claim for one year.  (ECF Doc. 93, 98).  We made this request because the BOP Transgender Offender Manual states, generally and among other conditions, an inmate must be housed for a year in a facility consistent with the inmate's gender identity prior to the BOP's Transgender Executive Counsel (the "TEC") making a referral for GAS.  This request was granted. (ECF Doc. 94 ,99)

      Approximately one year later, we requested the stay be lifted and the GAS Claim be referred to Your Honor for issuance of a supplemental R&R.  (ECF Doc. 102).  This request was granted. (ECF Doc. 103, 104).  However, litigation of the GAS Claim has been held in abeyance because the BOP indicated it was pursuing its protocol for determination of whether GAS was a medically

necessary treatment needed by Ms. Shelby (the "GAS Protocol"). While this determination was undertaken, the parties submitted joint status letters updating the progress of the BOP's action on the GAS Protocol. (*See*, ECF Docs. 114, 116, 133, 139).

As indicated by the letters submitted to the Court, the GAS Protocol involved a multi step process which included:

1) Initially, Ms. Shelby would reside in a female prison for one year. This occurred;

2) Thereafter, a review by the TEC was done to determine whether GAS was medically necessary for treatment of Ms. Shelby's gender dysphoria. Pursuant to this review, the TEC determined GAS was medically necessary;

3) Thereafter, the TEC referred the matter to the BOP Medical Director for its determination of whether GAS was medially necessary. Pursuant to this review, which included consultation with a third-party medical practitioner, the Medical Director determined GAS was medically necessary;

4) Thereafter, a request for bids, for provision of GAS, was announced by the BOP;

5) Following receipt of bids, they were reviewed by the BOP;

6) The BOP accepted a bid from a medical service provider and awarded a contract to the medical service provider;

7) The contract was executed by the BOP and medical service provider;

8) Recently, Ms. Shelby had a final surgical consultation the medical service provider. Upon information and belief, she was scheduled to undergo GAS on February 4, 2025.

On January 20, 2025, President Trump issued an Executive Order entitled: DEFENDING WOMEN FROM GENDER IDEOLOGY EXTREMISM AND RESTORING BIOLOGICAL TRUTH TO THE FEDERAL GOVERNMENT (the "Executive Order").[1]

The Executive Order, at Section 4(c), states:

*The Attorney General shall ensure that the Bureau of Prisons revises its policies concerning medical care to be consistent with this order, and shall ensure that no Federal funds are expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex.*

---

[1] https://www.whitehouse.gov/presidential-actions/2025/01/defending-women-from-gender-ideology-extremism-and-restoring-biological-truth-to-the-federal-government

      We have been informed by the Government that Ms. Shelby's pending GAS surgery has been cancelled. Presumably, this is pursuant to the Section 4(c) of the Executive Order.

      It light of the foregoing, we seek to proceed with the adjudication of the GAS Claim. Accordingly, we respectfully request a conference be held to discuss scheduling and any other procedural matters necessary for proceeding with litigation of this Claim.

                                    Respectfully submitted,
                                      /s/
                                    Jeffrey G. Pittell

cc:    Dana Walsh Kumar, AUSA
        Lucas Issacharoff, AUSA
        July Justine Shelby