# MAHER & PITTELL, LLP

### ATTORNEYS AT LAW

*Reply To:*                                                                                  *Long Island Office*
**42-40 Bell Blvd,  Suite 302**                                            **10 Bond St,  Suite 389**
**Bayside, New York  11361**                                        **Great Neck, New York  11021**
**Tel  (516) 829-2299**                                                          **Tel  (516) 829-2299**
***jp@jpittell.com***                                                                        ***jp@jpittell.com***

July 27, 2025

Hon. Stewart D. Aaron
U.S. Magistrate Judge
U.S. District Court - SDNY
New York, NY 10007

Re:    *Shelby v. Petrucci,* 19 Cv 2020 (VSB)(SN) {Habeas Petition}

Dear Judge Aaron:

We are counsel for July Justine Shelby, the Petitioner in the above referenced matter.

We submit this letter to provide an overview of our reason for opposing the Government's third request for an adjournment of the submission schedule and to provide relevant background in advance of the pending conference on Monday, July 28, 2025.

The initial *pro se* habeas petition in this case was filed more than six years ago on March 4, 2019.  (ECF Doc. 2).  The petition asserted Ms. Shelby was not receiving adequate treatment for gender dysphoria including her need for gender affirming surgery ("GAS").  Prior to the filing of the petition, Ms. Shelby requested the BOP provide her with GAS.  This request was denied.  On May 17, 2019, Respondent submitted its opposition to the habeas petition.  (ECF Doc. 10-13).  At that time, the Respondent could have included a medical declaration.  However, instead, Respondent elected to proceed by submitting declarations of counsel and employees of the BOP which asserted the treatment provided to Ms. Shelby was medically sufficient.

Following our appointment as counsel, we filed the Amended Petition on June 3, 2021.  (ECF Doc. 32-33).  The Amended Petition further detailed the GAS Claim.  On July 22, 2021, Respondent submitted its opposition.  (ECF Doc. 34-37).  At that time, as with its prior response, Respondent could have included a medical declaration.  However, instead, Respondent again elected to proceed by submitting declarations of counsel and employees of the BOP which asserted the treatment provided to Ms. Shelby was medically sufficient.  Following submission of our reply, on January 18, 2022 (ECF Doc. 46), the GAS Claim was fully briefed and submitted.

Thereafter, Judge Netburn held a hearing on the Transfer Claim.  This ultimately led to the issuance of Judge Broderick's Order, dated November 1, 2022, granting the Transfer Claim.  (ECF 86).  Shortly thereafter, Ms. Shelby was transferred to a female prison facility.

Thereafter, by letter motion dated December 18, 2022, we consented to the litigation on the pending GAS Claim be stayed.  (ECF Doc. 93).  We consented to the stay in light of the BOP's internal protocol which required a transgender inmate reside in a facility corresponding with his/her gender identity for one year before the BOP would consider providing GAS to the inmate.  At that time, we were led to believe, after the one year period lapsed, the BOP would conduct a good faith medical review of the GAS Claim.

After the one year passed, the BOP engaged in a multi-step and time-consuming review which resulted in the BOP Medical Director approving a contract for GAS.  (*See*, ECF Doc. 131, 149).  The surgery was then scheduled to occur during February 2025.  However, following the issuance of the President's Executive Order, on January 20, 2025, the surgery was abruptly cancelled.

In response to the cancellation of the surgery, we informed the Court that we sought to proceed with the litigation of the GAS Claim.  (ECF Doc. 131).  Thereafter, the matter was assigned to Your Honor.  During a conference, held on February 26, 2025,  a supplemental briefing schedule was set up so the parties could update their submissions regarding the GAS claim.  We filed a supplemental memorandum on May 5, 2025. (ECF Doc. 149).  Respondent's response was due on May 27, 2025.  Pursuant to two prior extension requests, the Respondent's response is now due on July 29, 2025, three months after the filing of our supplemental submission.

Now, Respondent seeks a lengthy adjournment for two reasons.

One reason is that the BOP Medical Director is apparently going to submit a declaration where she will walk back her prior, and thorough, determination that GAS was medically necessary.  Respondent informs additional time is needed for her to sign the declaration because of a medical emergency.  We are sympathetic to the Medical Director's emergency.  However, more clarity needs to be provided as to why a lengthy delay is needed for her to simply sign a document (which can be done either manually or electronically) which should be already drafted by this point.

The second reason is that Respondent now seeks to hire a third-party expert who, presumably, will support the Medical Director's recanting of her prior determination that GAS is medically necessary.  We submit that allowing the adjournment, and allowing the submission of the expert's declaration, will result in more delay and unfairly prejudice Ms. Shelby.  At the outset, it must be noted that -- during May 2024 -- Respondent previously retained and consulted with a third-party medical expert, Dr. Dany Hanna.  Dr. Hanna informed Respondent that GAS was medically necessary.  (*See*, status letter to Judge Netburn dated July 16, 2024).  In response, the BOP signed a contract with Dr. Hanna to provide the surgery.  If Respondent wanted to seek a second, contrary, opinion.  It could have done so at that time.

Based upon the foregoing, allowing an adjournment, so Respondent can have time to undo its prior representations that GAS was medically necessary and will be provided will be tantamount to rewarding it for engaging in delay.  The petition seeks equitable relief.  We submit that, after the

passage of time in this case, the doctrine of laches needs to be given due consideration. More than six years have elapsed since the filing of the initial petition. During this period, Respondent has had ample time and opportunity to procure and submit medical opposition to the GAS Claim. Further, approximately sixteen months have elapsed since Respondent conferred with Dr. Hanna who opined GAS was medically necessary. Yet, the BOP did not seek out a second opinion.

We submit that allowing a further adjournment, and allowing submission of a third-party medical opposition, are not appropriate. The BOP has already determined that GAS was medically necessary. It should be estopped from being permitted to seek to change this medical determination because the President issued an Executive Order. Moreover, allowing this matter to be delayed will unfairly prejudice Ms. Shelby. As indicated above, Mr. Shelby has been seeking GAS for more than six years. Moreover, based upon representations of the BOP, we consented to the prior stay of the GAS Claim.

Respectfully submitted,
/s/
Jeffrey G. Pittell

cc:    Dana Walsh Kumar, AUSA (By ECF)
       July Justine Shelby